IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:23-CR-144 |
| ) | |
| Plaintiff, ) | JUDGE J. PHILIP CALABRESE |
| ) | |
| v. ) | |
| ) | |
| AMERICAN PREMIUM WATER ) | DEFERRED PROSECUTION |
| CORPORATION, ) | AGREEMENT |
| ) | |
| Defendant. ) | |

The United States Attorney's office for the Northern District of Ohio (hereinafter "USAO"), by and through its undersigned attorney, and the defendant, American Premium Water Corporation ("HIPH" or "Defendant") agree to resolve this case on the terms and conditions set forth in this Deferred Prosecution Agreement ("the Agreement"). The terms and conditions of this Agreement are as follows:

1. **Criminal Indictment and Acceptance of Responsibility.** HIPH was charged in a criminal indictment filed on March 8, 2023, in the United States District Court for the Northern District of Ohio with Conspiracy to Commit Securities Fraud in violation of 18 U.S.C. § 371. Defendant agrees that, were this matter to go to trial, the United States would be able to prove beyond a reasonable doubt that officers and/or agents of HIPH during the time period set forth in the indictment, who are now former officers and agents, did the acts described in the Acceptance of Responsibility Statement below. HIPH admits, accepts, and acknowledges that it is responsible for the acts of its officers, directors, employees, and agents described in the Acceptance of Responsibility Statement, and that the facts described in the Acceptance of Responsibility Statement concerning the acts of former officers, directors, employees, and

agents, while they held those roles, constitute Conspiracy to Commit Securities Fraud in violation of 18 U.S.C. § 371.

2. Defendant and the USAO agree that the interests of the United States, Defendant's interest, and the interests of justice will be best served by entering this Deferred Prosecution Agreement, under which prosecution in this District for this offense shall be deferred for a period of 24 months from the date this Agreement is filed (subject to a potential 12-month extension, described below), provided that Defendant abides by all conditions and requirements identified below in the section titled "Conditions of Deferred Prosecution."

3. Should Defendant violate the conditions of this Agreement, the USAO may revoke this Agreement or reinitiate prosecution for this offense. The USAO will furnish Defendant with notice specifying the conditions of the Agreement that have been violated and will notify the District Court, in writing, if it elects to reinstate prosecution.

4. If, upon completion of the Term (defined below), Defendant has fully complied with all the applicable conditions of the Agreement, the USAO will not prosecute Defendant for the offenses set out in this Agreement, and it will dismiss all charges against Defendant in this matter with prejudice.

5. Defendant acknowledges and agrees that if Defendant, after Court acceptance of the Deferred Prosecution Agreement, does not successfully complete the term of deferred prosecution by remaining in compliance with the terms of the Agreement and prosecution against Defendant is resumed or reinstituted, the USAO may use the Acceptance of Responsibility Statement contained in this Agreement against Defendant and Defendant will neither contest the admissibility of, nor contradict, in any such proceeding, any facts set forth therein.

*Defendant's Initials* [initials]

## ACCEPTANCE OF RESPONSIBILITY STATEMENT

6. Defendant agrees that, were this matter to go to trial, the United States would be able to prove beyond a reasonable doubt that officers and/or agents of HIPH during the time period set forth in the indictment, who are now former officers and agents, did the acts described below (the "Acceptance of Responsibility Statement"). Should the USAO reinitiate a prosecution that is deferred by this Agreement due to breach of the Agreement, HIPH agrees that it will neither contest the admissibility of, nor contradict, in any such proceeding, such facts.

   a. Beginning in at least October 2013, through October 2019, Alfred Culbreth and Ryan Fishoff, both former officers and agents of HIPH, along with additional individuals named in the Indictment, did knowingly and intentionally conspire and agree with each other to knowingly and willfully by the use of means and instrumentalities of interstate commerce and the mails, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities by: (a) employing devices, schemes and artifices to defraud; (b) making and causing to be made false statements of material fact and omitting material facts that were necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon any persons, including members of the investing public and sellers and purchasers of HIPH securities, in violation of Title 15, United States Code, Sections 78j(b), 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5 (Securities Fraud).

   b. These individuals additionally did knowingly and intentionally conspire and agree with each other to knowingly and willfully, by the use of the mails and any

Defendant's Initials _____

means and instrumentality of interstate commerce, and of any facility of any national securities exchange, for the purpose of creating a false and misleading appearance of active trading in any security other than a government security, and a false and misleading appearance with respect to the market for any such security, (a) enter an order and orders for the purchase of such security with the knowledge that an order and orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale of any such security, has been and will be entered by and for the same and different parties, and (b) enter any order and orders for the sale of any such security with the knowledge that an order and orders of substantially the same size, at substantially the same time, and at substantially the same price, for the purchase of such security, has been and will be entered by and for the same and different, parties, in violation of Title 15, United States Code, Sections 78i(a)(1) and 78ff (Manipulative Securities Training).

    c.    Beginning in at least October 2013 through October 2019, Culbreth at times was CEO of HIPH and at times was Chairman of HIPH, while at times Fishoff was CEO of HIPH. Culbreth and Fishoff each issued and controlled a substantial number of outstanding shares of HIPH, including shares controlled through nominees. Culbreth and Fishoff each coordinated and paid stock promoters to inflate the trading volume and share price of HIPH, caused others to pay stock promoters, did not disclose the payments, and directed and managed insider and affiliate sales of HIPH stock. Culbreth and Fishoff conspired with the other individuals named in the Indictment to execute this scheme. They took these actions while acting as CEO and/or Chairman of HIPH. Due to the manipulation of HIPH stock prices by the individuals named in the Indictment, investors,



Defendant's Initials

including investors in the Northern District of Ohio, purchased stock at prices inflated by the actions of Culbreth, Fishoff and their co-conspirators. Culbreth, Fishoff and their co-conspirators, utilized HIPH to benefit from the scheme, but HIPH did not independently benefit from the scheme.

## CONDITIONS OF THE AGREEMENT

7.    **Term of the Agreement.** This Agreement is effective for a period beginning on the latest date on which any party signs it and ending two years from the date (the "Term"). However, HIPH agrees that, in the event that the government determines, in its sole discretion, that HIPH has knowingly violated any provision of this Agreement, an extension or extensions of the term of the Agreement may be imposed by the government, in its sole discretion, for up to a total additional time period of one year. Any extension of the Agreement extends all terms of this Agreement for an equivalent period. Conversely, the government may, in its sole discretion, terminate the Term early.

8.    During the Term, this Agreement and all provisions set forth herein bind HIPH and any of its successors and assigns. If HIPH's assets or business operations are sold to a successor party or parties, whether by sale of stock, merger, consolidation, sale of a significant portion of its assets, or other form of business combination, or otherwise undergo a direct or indirect change of control within the course of the Term, such party or parties shall be bound by this Agreement and all provisions set forth above. HIPH shall include in any contract for a sale or merger a provision binding the purchaser/successor to the obligations of this Agreement. Conversely, the government may, in its sole discretion, waive the requirement that all provisions herein bind HIPH and/or any of its successors or assigns.

*Defendant's Initials*

9.    **Voluntary Cooperation.** The USAO enters into this Agreement based on the individual facts and circumstances presented by this case and HIPH. Among the facts considered were the following:

a.    In the period between October 2013 and October 2019, HIPH and its board of directors were controlled by Culbreth, Fishoff and others who no longer have involvement in HIPH. Beginning in July 2019, Individual A began investing in and acquiring shares of HIPH, including through investments by entities controlled by Individual A. At the time Individual A and affiliated entities made these investments, he was not aware of the illegal conduct described in the Indictment by Culbreth, Fishoff and their co-conspirators, and through these purchases and investment he became the majority owner of HIPH. At the time of this Agreement, Individual A is the current majority owner of HIPH, holding approximately 96% of its shares in the name of Individual A or entities controlled by Individual A. Individual A and current HIPH management had no involvement in or contemporaneous knowledge of any of the conduct alleged in the Indictment. At the time of this Agreement, there are three members of the board of directors of HIPH, none of whom owns shares in HIPH. None of these directors had any involvement in or contemporaneous knowledge of any of the conduct alleged in the Indictment. One of the three current directors also serves as the CEO of HIPH.

b.    At the time of the Indictment, Fishoff served as CEO of HIPH. Until the Indictment was unsealed and Fishoff subsequently informed the current board of directors and Individual A of the Indictment, neither the current board members nor Individual A were aware of the Indictment or any allegations of criminal conduct. Following this revelation, HIPH sought and received Fishoff's resignation as CEO, effective April 25,

*Defendant's Initials* ___

2023, thereby concluding his association with the company. HIPH, under its new board, has cooperated fully with the government's investigation, granting access to requested internal documentation and addressing any inquiries related to its current operations.

10. As reflected in this Agreement, HIPH will undertake remedial measures as contemplated by this Agreement and has agreed to continue to cooperate with the government in any investigation of the conduct by HIPH's former directors, officers, employees, and agents with the understanding that HIPH does not possess documentation relating to the activities of Culbreth and Fishoff set forth in the Indictment. During the Term of this Agreement, HIPH agrees to cooperate fully with the government, and any other authority or agency. HIPH agrees that its cooperation shall include, but is not limited to, the following:

    a. HIPH shall truthfully disclose all information with respect to its activities and those of its present and former directors, officers, employees, agents, consultants, contractors and subcontractors, concerning all matters relating to manipulated stock, related false books and records, and inadequate internal controls about which HIPH has any knowledge and about which the government inquires. This obligation of truthful disclosure includes the obligation of HIPH to provide to the government, upon request, any document, record or other tangible evidence relating to such manipulated stocks, books and records, and internal controls about which the government inquires of HIPH. The parties acknowledge that HIPH has very little access to records relating to Fishoff's and Culbreth's activities during the period relevant to the Indictment and that no employees currently at the company were employed during the period relevant to the Indictment.

*Defendant's Initials* ___

  b. Upon request of the government, with respect to any issue relevant to its investigation, HIPH, to the extent knowledgeable current employees exist, shall designate knowledgeable employees, agents or attorneys to provide to the government the information and materials described in Paragraph 10(a) above, on behalf of HIPH. It is further understood that to the best of its ability HIPH must at all times provide complete, truthful and accurate information.

  c. With respect to any issue relevant to the government's investigation of the operations of HIPH, or any of its present or former subsidiaries or affiliates, HIPH shall use reasonable efforts considering its lack of information from the prior administration and the inability to compel former employees to participate in interviews, to make available for interviews or testimony, as requested by the government, present or former directors, officers, employees, agents and consultants of HIPH as well as the directors, officers, employees, agents and consultants of contractors and subcontractors. This obligation includes, but is not limited to, sworn testimony before a federal grand jury or in federal trials, as well as interviews with federal law enforcement authorities. Cooperation under this paragraph will include identification of witnesses to the extent possible who, to the knowledge of HIPH, may have material information regarding the matters under investigation.

  d. With respect to any information, testimony, documents, records or other tangible evidence provided to the government pursuant to this Agreement, HIPH consents to any and all disclosures to other governmental authorities of such materials as the government, in its sole discretion, shall deem appropriate.

Defendant's Initials _____

11. **Corporate Compliance Program.** HIPH, now under the direction of a new board of directors, represents that it will develop and implement a corporate compliance and ethics program designed to detect and prevent securities law violations. A draft of the Corporate Compliance and Ethics Policy ("Policy") has been provided to the USAO, and the Policy is intended to be reasonably designed given the size and characteristics of HIPH to maintain compliance with the securities laws and prevent future violations. The Policy requires compliance with United States securities laws, and specifically highlights the legal prohibition against any HIPH officer, director, or agent communicating with a potential stock buyer or seller to arrange a prearranged "matched trade" for the purpose of affecting the price of company securities in the open market, as well as the requirement that HIPH officers, directors and employees comply with Section 17B of the Securities Act regarding promotional communications related to the company's securities. The Policy also prohibits HIPH from using any offshore transfer agent.

12. **Required Advance Notification of Any Reverse Merger or Reverse Stock Split.** During the Term of this Agreement, HIPH shall notify the USAO at least thirty days before any reverse merger or reverse stock split takes place.

13. **Prohibition Against Using a Foreign Transfer Agent.** During the Term of this Agreement, HIPH will not use any foreign transfer agent.

14. **Public Statements by HIPH.** HIPH expressly agrees that it shall not, through present or future attorneys, directors, officers, employees, agents or any other person authorized to speak for HIPH, make any public statement contradicting the acceptance of responsibility set forth above. Any such contradictory statement may, subject to cure rights of HIPH described below, constitute a breach of this Agreement and HIPH thereafter shall be subject to prosecution

Defendant's Initials ⟋⟍

as set forth below. If the government believes that a public statement by any such person contradicts in whole or in part a statement contained in the Acceptance of Responsibility Statement, the government shall so notify HIPH, and HIPH may avoid a potential breach of this Agreement by reason of the statement(s) at issue by publicly repudiating or correcting such statement(s) within five (5) business days of the notice. Consistent with the obligations of HIPH set forth above, HIPH shall be permitted to raise defenses and to assert affirmative claims in civil and regulatory proceedings relating to the matters set forth in the Acceptance of Responsibility Statement. This paragraph does not apply to any statement made by any present or former employee of HIPH in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of HIPH.

15. **Deferred Prosecution.** In consideration of: (a) HIPH accepting responsibility; (b) the past and future cooperation of HIPH described above; (c) HIPH's removal and continued exclusion of HIPH officers implicated in the securities fraud violations and hiring of new management not involved in the conduct set forth in the Indictment; and (d) HIPH's internal remedial measures described above, the USAO agrees that any prosecution of HIPH for the conduct set forth in the Acceptance of Responsibility Statement for conduct of which the government had knowledge, prior to the signing of this Agreement, be and hereby is deferred for the Term of this Agreement.

16. The USAO further agrees that if HIPH fully complies with all of its obligations under this Agreement, the government will not continue the criminal prosecution against HIPH described above and, after the Term, this Agreement shall expire and the government will move to dismiss the charges pending against HIPH in this matter.

17. The USAO is not seeking a monetary penalty under this Agreement.

*Defendant's Initials* ___

## OTHER PROVISIONS

18. **Breach of the Agreement.** If, during the Term of this Agreement—specifically limited to the two-year timeframe and/or extension referenced above—the USAO determines, in its sole discretion, that HIPH has committed any felony under federal law subsequent to the signing of this Agreement, has at any time provided deliberately false, incomplete, or misleading information, or has otherwise breached the Agreement, HIPH shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. Any such prosecution may be premised on information provided by HIPH. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against HIPH notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the expiration of the Term. Thus, by signing this Agreement, HIPH agrees that the statute of limitations with respect to any prosecution that is not time-barred on the date of this Agreement shall be tolled for the Term.

19. In the event that the USAO determines HIPH has breached this Agreement: (a) all statements made by or on behalf of HIPH to the government or to the Court, including the Acceptance of Responsibility Statement, and any testimony given by HIPH before a grand jury or any tribunal, at any hearings whether prior or subsequent to this Agreement, or any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the government against HIPH; and (b) HIPH shall not assert or claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by or on behalf of HIPH prior or subsequent to this Agreement, and any leads derived therefrom, should be suppressed.

Defendant's Initials ____

20. HIPH acknowledges that the USAO has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if HIPH breaches this Agreement and this matter proceeds to judgment. HIPH further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

21. Defendant makes the following truthful statements: HIPH is aware that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. HIPH is also aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. HIPH hereby requests that the United States Attorney for the Northern District of Ohio defer any prosecution of Defendant for violations of Conspiracy to Commit Securities Fraud in violation of 18 U.S.C. § 371, for the period of the Agreement. HIPH agrees and consents that, should it fail to meet all conditions of this Agreement, any delay from the date its authorized corporate representative has signed this Agreement to the date on which prosecution of HIPH is reinitiated through a written notice to the district court filed by the USAO shall be deemed to be a necessary delay at HIPH's request. HIPH hereby waives any defense to such prosecution on the ground that such delay operated to deny its rights to a speedy trial under the Sixth Amendment to the Constitution of the United States, 18 U.S.C. § 3161, 18 U.S.C. § 3282, and Rule 48(b) of the Federal Rules of Criminal Procedure.

22. **Agreement not Binding on other Jurisdictions and Agencies.** Defendant understands that this Agreement is binding only on the United States Attorney's Office for the

*Defendant's Initials* ___

Northern District of Ohio. It does not bind any other United States Attorney, any other federal agency, or any state or local government.

23. **Defendant is Satisfied with Assistance of Counsel.** Defendant makes the following truthful statements: HIPH has discussed this case and this Agreement in detail with its attorneys who have advised it of its Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offense the United States would have to prove at trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, and other potential consequences of pleading guilty in this case. HIPH has had sufficient time and opportunity to discuss all aspects of the case in detail with its attorneys. HIPH is satisfied with the legal services and advice provided to it by its attorney.

24. **Agreement is Complete and Voluntarily Entered.** Defendant and Defendant's undersigned attorney state that this Agreement is the entire agreement between Defendant and the USAO, and that no other promises or inducements have been made, directly or indirectly, by any agent or representative of the United States government. In particular, no promises or agreements have been made with respect to any actual or prospective civil or administrative proceedings or actions involving Defendant, except as expressly stated herein. In addition, Defendant states that no person has threatened or coerced Defendant to do or to refrain from doing anything in connection with this case, including Defendant's decision to enter this Agreement. Finally, Defendant acknowledges that this agreement cannot be modified unless in writing and subject to approval by the Court.

*(Remainder of page intentionally left blank)*

*Defendant's Initials* ___

## SIGNATURES

**Defendant:** I sign this Deferred Prosecution Agreement on behalf of HIPH, consistent with the terms of the Officer's Certificate at the conclusion of the Agreement.

_____    5-9-25_____
Melissa Sims                                                Date
Chief Executive Officer, American Premium
Water Corporation (HIPH)
Defendant


**Defense Counsel:** I have read this Deferred Prosecution Agreement, and have explained and advised the Defendant with regard to the Agreement. I have no reason to doubt that Defendant understands the consequences of entering into the Agreement.

_____    05/12/2025_____
Carole S. Rendon                                          Date
Counsel for Defendant


**United States Attorney's Office:** I accept and agree to this Deferred Prosecution Agreement on behalf of the United States Attorney for the Northern District of Ohio.

_____    05/12/2025_____
Erica D. Barnhill (OH: 0079309)                    Date
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3967
(216) 522-2403 (facsimile)
Erica.Barnhill@usdoj.gov


**APPROVED:**

_____    May 13, 2025_____
J. Philip Calabrese                                        Date
United States District Judge


Defendant's Initials _____

## OFFICER'S CERTIFICATE

I have read this Agreement and carefully reviewed every part of it with counsel for American Premium Water Corporation ("HIPH"), and have initialed each page of the Agreement to signify my review and understanding of the provisions on that page. I understand the terms of this Agreement and voluntarily agree, on behalf of HIPH, to each of its terms. Before signing this Agreement, I consulted with the attorney for HIPH. The attorney fully advised me of the rights of HIPH, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement.

I have carefully reviewed this Agreement with the Board of Directors of HIPH. I have advised, and caused outside counsel for HIPH to advise the Board fully of the rights of HIPH, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into the Agreement.

No promises or inducements have been made other than those contained in this Agreement. Furthermore, no one has threatened or forced me, or to my knowledge any person authorizing this Agreement on behalf of HIPH, in any way to enter into this Agreement. I am also satisfied with the attorney's representation in this matter. I certify that I am an officer of HIPH and that I have been duly authorized by the Board of Directors of HIPH to execute this Agreement on behalf of HIPH.

Date: _____

AMERICAN PREMIUM WATER
CORPORATION ("HIPH")

_____
BY: Melissa Sims
Chief Executive Officer of the Company

Defendant's Initials _____